THE PEOPLE OF THE TERRITORY OF GUAM

v.

PEDRO C. DUENAS, Defendant

Criminal No. 338-74

THE PEOPLE OF THE TERRITORY OF GUAM

v.

VICENTE C. SAN AGUSTIN, Defendant

Criminal No. 12F-74

Superior Court of Guam

December 13, 1974

BENSON, *Judge*

ORDER

Motions in both of these cases raise the question of whether any Rules of Criminal Procedure exist for this court.

Prior to the enactment of P.L. 9–256, effective January 8, 1969, there were no jury trials in the Island Court, whose criminal jurisdiction was limited to misdemeanors. Provision for jury trials was required by the decision of the U.S. Supreme Court in *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968).

P.L. 10–2 was effective February 3, 1969. The central question raised by the motions is whether this law was intended as an interim measure or not. I conclude that it was. P.L. 9–256 which enacted a new Sec. 123 of the Code of Civil Procedure provided that the Judicial Council prescribe rules, but such rules should not become effective

255

until 90 days elapsed after the reporting of such rules to the Legislature. Prior to P.L. 10–2 the Court had Rules of Criminal Procedure, but no rules at all regarding jury trials. Pending prescription of rules by the Judicial Council and the passage of 90 days prior to their effectiveness, P.L. 10–2 filled this need for rules governing jury trials.

Giving support to the view that P.L. 10–2 was an interim measure is

(1) the wording of the act itself which does not "repeal" Sec. 123;

(2) the fact that the Attorney General of Guam and the Chairman of the Judiciary Committee of the Legislature were both members of the Judicial Council, present at meetings where the rules were decided upon, and who, in their respective roles, worked in concert with the decisions of the Judicial Council; and

(3) the history of the rules prescribed by the Judicial Council and reported to the Legislature after the enactment of P.L. 10–2 and the retention of Sec. 123 following the effective date of P.L. 10–2. These latter matters are summarized below.

On April 25, 1969, the Judicial Council adopted rules and on April 30, 1969, the chairman of the Judicial Council reported proposed rules to the Legislature. The Legislature failed to annul or amend any rule (see Sec. 123, Code of Civil Procedure), and they became effective after 90 days. This failure to act constitutes approval by the Legislature. On July 31, 1969 the rules were filed with the Secretary of Guam and a notice given that the rules were in effect.

It is conceded in argument that until very recent date these rules, published in the Penal Code of Guam, 1970, beginning on page 325 were assumed to be in effect. They were invoked by counsel and cited by the Court in Island Court cases. *People v. Santos, et al.*, Case No. 144-71; *People v. Lizama, et al.*, Case No. 349-69.

The terms of Sec. 123 state that any law in conflict with the rules after their effective date shall have no further effect. This provision would nullify P.L. 10–2 once rules were prescribed, reported and became effective.

Section 123, as enacted by P.L. 9–256, was amended by P.L. 10–180, effective August 15, 1970, and by P.L. 11–151, effective July 13, 1972, thus demonstrating that the Legislature did not repeal Sec. 123 by P.L. 10–2.

These rules then fall within the specific language of Sec. 66 of the Code of Civil Procedure enacted by P.L. 12–85, effective July 1, 1974. They were prescribed by the Judicial Council and reported to the Legislature. The rules entitled Rules of Criminal Procedure for the Island Court of Guam, published in the Penal Code on page 325, by authority of Sec. 66, became the Rules for this Court.

In reaching this result the following principles of statutory construction have been applied:

1. The best construction of a statute is the construction and application received by the Legislature, the Courts and the profession, and such construction should not be disturbed or overturned except for cogent and convincing reasons. 73 Am.Jur.2d, Statutes, Sec. 162.

2. Where two constructions are possible, the Legislature is presumed to intend the beneficial consequences, and not the undesirable consequences. *Ibid.*, Sec. 258.

3. It is presumed that the Legislature knew of the construction, long acquiesced in, and intended the same construction when the provision was re-enacted. (Referring to Sec. 123, now Sec. 66 of the Code of Civil Procedure) *Ibid.*, Sec. 322.

4. Where statutes are inconsistent, the last one passed is presumed to be the last declaration of Legislative will, and should prevail. *Ibid.*, Sec. 332.

5. Resort to legislative history is permitted no matter

how clear the words may appear on superficial examination. *Ibid.*, Sec. 150.

The motions to dismiss are therefore denied.